FILED

04/16/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0173

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 21-0125 and OP 21-0173

BOB BROWN, DOROTHY BRADLEY, MAE
NAN ELLINGSON, VERNON FINLEY, and
MONTANA LEAGUE OF WOMEN VOTERS,

       Petitioners,

  v.

GREG GIANFORTE, Governor of the State of
Montana,

       Respondent.

FILED

APR 16 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

BETH MCLAUGHLIN,

       Petitioner,

v.

THE MONTANA STATE LEGISLATURE, AND
THE MONTANA DEPARTMENT OF
ADMINISTRATION,

       Respondents.

Beth McLaughlin, Office of the Court Administrator, has filed a "Petition for Original Jurisdiction and Emergency Request to Quash/Enjoin Enforcement of Legislative Subpoena," initiating an original proceeding assigned as Cause No. OP 21-0173. In the petition, McLaughlin challenges the legality of a subpoena issued by the Montana State Legislature on April 8, 2021, which demanded production of all emails and documents sent and received by McLaughlin over a three-month period and seeks declaratory and injunctive relief. In response, Respondent Montana State Legislature has filed a motion to dismiss the petition. Finally, McLaughlin has filed a new Emergency Motion to Quash a

Revised Subpoena issued yesterday that requires McLaughlin to appear, testify, and provide additional information on Monday, April 19, 2021.

McLaughlin is here challenging the same legislative subpoena she has similarly challenged by requesting to intervene within Cause No. OP 21-0125, a proceeding challenging SB 140, legislation recently enacted by the Legislature, based on her allegation that the subpoena arose from the Legislature's inquiry to her office about a poll of members of the Montana Judges Association "pertaining to SB 140." *Intervenor Beth McLaughlin's Emergency Motion to Quash and Enjoin Legislative Subpoena Duces Tecum*, 21-0125, p. 4. In response to that emergency motion, this Court entered a Temporary Order on April 11, 2021. The Order acknowledged that McLaughlin had demonstrated "a substantial potential of the infliction of great harm" if the subpoena, which we noted was "extremely broad in scope," was "permitted to be executed as stated." *Temporary Order*, 21-0125, issued April 11, 2021, p. 2. However, the Order also raised questions concerning the procedural propriety of challenging the subpoena within 21-0125, stating that "we cannot be certain, at this juncture, that the subpoena challenged by McLaughlin has anything to do with the pending proceeding in OP 21-0125, or is properly filed herein." *Temporary Order*, 21-0125, issued April 11, 2021, p. 2. Consequently, the Court granted McLaughlin seven days in which to file a supplemental pleading "demonstrating the propriety of the filing of the motion in this matter, as opposed to the initiation of an entirely new proceeding before the Court," granted other parties in the action, and interested parties, the opportunity to respond to McLaughlin's supplemental pleading, and, to preserve the status quo pending resolution of those matters, quashed the subpoena until further order of the Court. *Temporary Order*, 21-0125, issued April 11, 2021, p. 3. Further background of the matter is set forth in the Temporary Order. On April 13, the Respondent in 21-0125 filed a Motion to Strike and Vacate, requesting that McLaughlin's filings therein be stricken and that the Temporary Order be vacated.

McLaughlin alleges in 21-0173 that, on April 8, 2021, the Legislature issued the subpoena to Director Misty Ann Giles of the Montana Department of Administration, not to the Judicial Branch, requiring that Giles appear before the Legislature the next day and

2

produce the subject emails and attachments. McLaughlin was provided only a courtesy copy of the subpoena on the afternoon of Friday, April 9, after which she requested a delay while she sought legal advice. This request went unanswered. On Saturday, April 10, McLaughlin, through counsel, proposed to Giles and Todd Everts of the Legislative Services Division that production be delayed until the parties could address concerns, but Giles declined. McLaughlin immediately sought judicial relief.

McLaughlin contends that the subpoena "commands production of documents that by the breadth requested contain highly confidential, privileged, and sensitive information," and that "over 2,000 documents have already been produced, creating new time-sensitivities and concerns." She contends the documents were produced "without McLaughlin or any other court official being afforded the opportunity to review the production and protect the privacy rights and privileges implicated." She alleges she has now had a brief opportunity to partially review the documents produced by the Department of Administration "and can confirm they contain, as suspected, privileged and confidential information." She alleges the legal and constitutional issues raised are of statewide importance and that emergency factors exist that render litigation in the trial courts and subsequent appeal inadequate, citing M. R. App. P. 14(4). As relief, she seeks a declaration that the subpoena is illegal and invalid, the temporary quashing and permanent enjoining of the subpoena, the permanent enjoining of the Legislature "from disseminating, publishing, re-producing, or disclosing in any manner, internally or otherwise, any documents produced" pursuant to the subpoena, and return of those documents.

Central to the petition in this matter are threshold questions of law subject to the exclusive adjudicatory authority of this Court under Article III, Section 1, and Article VII, Sections 1-2(1), of the Montana Constitution regarding the scope and application of the legislative subpoena power. *See Larson v. State By & Through Stapleton*, 2019 MT 28, ¶ 42, 394 Mont. 167, 434 P.3d 241 (noting exclusive constitutional duty and authority of this Court to "adjudicate the nature, meaning, and extent of applicable constitutional, statutory, and common law and to render appropriate judgments thereon"—citing Mont. Const. arts. III, § 1, and VII, § 1, *inter alia*); *Best v. City of Billings Police Dep't*, 2000 MT

3

97, ¶ 16, 299 Mont. 247, 999 P.2d 334 (among the three coordinate branches of a constitutional government "it is the province and duty of the judiciary 'to say what the law is'"—citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803); *Marbury*, 5 U.S. at 177, 2 L.Ed. at 26 (the constitution is the "fundamental and paramount law" and the fundamental "theory of every such [constitutional] government" is "that an act of the legislature, repugnant to the constitution, is void. . . . It is emphatically the province and duty of the judicial department to say what the law is" and "of necessity [to] expound and interpret that rule" to resolve any conflict of law). It is clear the Legislature, to exercise its separate and distinct powers of governance effectively, must have the power to acquire information regarding the subject matter of its legislation. However, neither the subpoena power of the Legislature, nor that of the judiciary, is subject to unquestioned enforcement. This Court has not previously considered the extent of any limitations on the Legislature's subpoena power. The scope of the Legislature's inherent legal authority to compel information, and how it applies under particular circumstances, are quintessentially functions for this Court to determine within our exclusive constitutional duty and authority under Article III, Section 1, and Article VII, Sections 1-2(1), of the Montana Constitution. We have not heretofore considered whether that authority is limited when competing rights or privileges exist and are expressed.

In the legislative subpoenas previously issued to the Montana Department of Administration, this Court, and the Court Administrator, the Legislature seeks to obtain a broad swath of internal judicial branch documents and communications, some of which appear to be confidential and privileged as a matter of law from compelled disclosure to the Legislature, but some of which may very well be reachable by legislative subpoena. All those requests, moreover, are directly or indirectly related, and certainly have directly arisen from, the matters now squarely at issue before this Court in the above-captioned *Brown* and *McLaughlin* proceedings, in both of which the Legislature is now a party under the personal jurisdiction of this Court. As a result, the legality of the previously issued legislative subpoenas, and any similar subpoenas regarding the same subject matter, is currently at issue before this Court in the above-captioned *McLaughlin* proceeding

4

(21-0173) for adjudication, upon participation of the parties thereto under due process of law, under the exclusive constitutional power and authority of this Court under Article III, Section 1, and Article VII, Sections 1-2(1), of the Montana Constitution. Within that legal framework, it is the exclusive constitutional duty of this Court to consider the competing constitutional and other legal interests at issue and adjudicate them accordingly to resolve the dispute matters at issue as a matter of law.

Consequently, to address these issues raised herein in a manner that provides due process and prevents the infliction of harm as the process moves forward in an orderly manner, we hereby order as follows:

1. Respondents Montana State Legislature and Montana Department of Administration are granted fourteen (14) days, until Friday, April 30, 2021, in which to file a summary response to the Petition, to present any arguments not already included within Respondent Montana State Legislature's motion to dismiss.

2. Petitioner Beth McLaughlin is granted fourteen (14) days, until Friday, April 30, 2021, in which to file a response to the Motion to Dismiss.

3. The substance of our prior Temporary Order of enjoinder in 21-0125 is hereby continued unabated within 21-0173. The subpoena issued by the Legislature on April 8, 2021, remains enjoined pending further order of the Court. Additionally, enforcement of the Revised Subpoena issued April 15, 2021, is temporarily enjoined pending further proceedings in this matter and further Order of this Court.

4. Given the release of documents related to electronic judicial branch communications by the Department of the Administration, as described herein, without legal process or the opportunity for consultation, the Department of Administration is temporarily enjoined from any further release of any judicial communications in response to any request or subpoena, legislative or otherwise, until further order of this Court.

5. Similarly, until the issues raised in this proceeding can be presented and adjudicated in the course of due process, enforcement of any subpoenas issued by the Montana State Legislature for electronic judicial communications, including those served on this Court April 14, 2021, are temporarily stayed, until this Court can establish the

5

scope, limitations, and parameters to be applied by courts when the Legislature exercises its authority to obtain information and competing interests are presented. Justice Jim Rice has requested that his subpoena <u>not</u> be stayed, so he may seek review in the district court, and it is so ordered.

6. McLaughlin's filings within 21-0125 are dismissed.

7. The Motion to Strike and Vacate filed by the Respondent in 21-0125 is denied as moot.

8. McLaughlin's request to file an overlength petition in 21-0173 is granted.

IT IS SO ORDERED.

The Clerk is directed to provide copies of this Order to all counsel of record in this matter.

DATED this 14th day of April, 2021.

_____

_____

_____

_____

_____

_____
          Chief Justice  (21-0173)

The Chief Justice has signed this order only for purposes of participating in 21-0173.

Justice Beth Baker and Justice Jim Rice joins in Paragraphs 1-4 and Paragraphs 6-8 of the foregoing Order.

_____

_____
Active Chief Justice (21-0125)